The PEOPLE of the State of Colorado, Complainant,

v.

Becky S. RAMSEUR, Attorney–Respondent.

No. 95SA161.

Supreme Court of Colorado, En Banc.

June 19, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Gary M. Jackson, Denver, for attorney-respondent.

PER CURIAM.

The stipulation, agreement, and conditional admission of misconduct between the assistant disciplinary counsel and the respondent was approved by an inquiry panel of the Supreme Court Grievance Committee, with the recommendation that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was licensed to practice law in Colorado in 1990. The conditional admission first states that the respondent was hired to represent the plaintiffs in a rent collection case pending in Chaffee County Court. The defendant moved to transfer the case to district court, and the motion was set for hearing on March 16, 1992. The respondent stipulated that she never received a copy of the notice setting the hearing, although the clerk of the court would testify that one was transmitted to her. In any event, the respondent failed to appear at the March 16 hearing, at which the motion to transfer was granted and the case was set for trial on June 19, 1992. The court clerk would testify that notice of the trial setting was sent to the respondent, but the respondent would testify that she did not receive a copy of the notice of trial. The respondent did not notify her clients of the trial date so the district court dismissed the plaintiffs' complaint and assessed costs against the plaintiffs.

As she has admitted, the respondent neglected a legal matter contrary to DR 6–101(A)(3). The respondent subsequently refunded the clients' retainer and has provided restitution in the amount of $1,280.00, representing court costs and the rent sought in the collection action.

II.

On October 30, 1991, two juveniles stole and damaged a motorcycle. The owner of the motorcycle retained the respondent to recover damages from the parents of the juveniles. The respondent was subsequently hired to represent one of the juveniles. She therefore represented a victim and one of the perpetrators of a crime before the case was resolved without proper disclosure to the juvenile or his mother. The respondent failed to insist upon proof of the actual damages to the motorcycle to the possible detriment of the juvenile, and did not document the settlement or insist upon proper payment, to the possible disadvantage of the owner. She also

did not attend the final restitution hearing. The respondent admitted that her conduct violated DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or would be likely to involve the lawyer in representing differing interests, unless it is obvious the lawyer can represent the interests of each client, and both clients consent after full disclosure); DR 5–105(B) (a lawyer shall not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client); and DR 6–101(A)(3) (neglect of a legal matter).

### III.

The respondent was retained by a dissolution of marriage client in December 1991. The lawyer for the husband requested her to withdraw her representation of the wife on the grounds that the respondent had previously met with the husband and had discussed the dissolution matter. The respondent would testify that she has no recollection and no record of ever having met with the husband prior to undertaking the representation of the wife. The husband's lawyer then made an oral motion to disqualify the respondent. On February 19, 1992, prior to the disqualification hearing, the respondent withdrew. The assistant disciplinary counsel has asserted that there is no evidence of harm to either party resulting from the delay.

The respondent stipulated that her conduct again violated DR 5–105(A) (representing conflicting interests).

### IV.

In the conditional admission, the parties agreed that a public censure was appropriate. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992)

(ABA *Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." ABA *Standards* 4.32. On the other hand, public censure is warranted "when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33. Although the potential for harm existed, the assistant disciplinary counsel indicates that the respondent's multiple representations and neglect caused no actual harm.

The complainant also stipulated that the respondent was cooperative during the disciplinary proceedings, a mitigating factor, *id.* at 9.32(e), and that she has no prior discipline, *id.* at 9.32(a). Further, at the time of the misconduct in all three matters, the respondent was relatively inexperienced in the law, having been licensed only about a year. *Id.* at 9.32(f). We have concluded, therefore, that we will accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

### V.

It is hereby ordered that Becky S. Ramseur be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $353.77 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.